IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

DEBORAH J. DODSON,            )
    Plaintiff,                )
                              )
vs.                           )
                              )
MORGAN STANLEY DW INC.,       )
    Defendant.                )
                              )   Case No. _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW plaintiff Deborah J. Dodson, by and through her counsel of record, Terry A. Venneberg, and does state and allege as follows:

*JURISDICTION AND VENUE*

1. This action is brought to remedy discrimination on the basis of sex in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") and the Washington Law Against Discrimination.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

Plaintiff also seeks a remedy for defendant's defamation and intentional interference with business expectancy, as well as promissory estoppel.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000-5. This court has pendant jurisdiction over the claims of promissory estoppel, defamation and intentional interference with business expectancy. Injunctive and declaratory relief and damages are sought pursuant to 42 U.S.C. § 2000e-5(f) and (g) and the Washington Law Against Discrimination, along with monetary relief for tort damages.

3. Plaintiff Deborah J. Dodson ("Dodson") filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and Washington State Human Rights Commission based on sex and retaliation against defendant Morgan Stanley DW Inc. ("Morgan Stanley") on or about August 27, 2004 complaining of the sex discrimination alleged herein. On or about August 29, 2006, the EEOC notified Dodson of her right to institute this action by issuance of a Notice of Right to Sue on her charge. Dodson has complied fully with all administrative prerequisites under Title VII.

4. Venue is proper within this District because the unlawful practices complained of herein occurred within the Western District of Washington.

*PARTIES*

5. Plaintiff Dodson is a female over the age of 18 years and is all respects competent to bring this action. She was employed by Morgan Stanley at its offices located in Tacoma, Washington from November 21, 1996 until the termination of her employment on or about August 15, 2005. She is a resident of Washington.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

6. Defendant Morgan Stanley, a corporation in the brokerage business, is an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b). Defendant maintains its principal place of business in New York State.

## FACTS

7. Dodson was hired as a Financial Adviser trainee by Morgan Stanley in its Tacoma, Washington office in 1996. She subsequently became a Financial Adviser with the firm, and built a clientele by significant efforts in marketing and community involvement. Over her time with Morgan Stanley, Dodson became highly regarded by both the firm and her clients for the quality and level of services that she provided as a Financial Adviser.

8. In 1998, John West, a senior Financial Adviser at Morgan Stanley, entered into a Joint Production Agreement with Dodson, in order to both better serve the existing clients of Morgan Stanley, and to gain additional business for Morgan Stanley. Under terms of the Joint Production Agreement, West and Dodson agreed to a division of income and profits generated under the Agreement. The Agreement gave Dodson, a junior Financial Adviser at the time, the opportunity to work with West in serving his large base of clients, and to increase her own client base and income.

9. Dodson worked diligently under the Joint Production Agreement, becoming involved in numerous community activities, and successfully building business and generating additional income for both herself, West and Morgan Stanley. On numerous occasions during Dodson's work under the Joint Production Agreement, West specifically promised Dodson that she would enjoy more lucrative opportunities in partnership with him in the future, including the opportunity to "inherit" the substantial part of his book of business upon his retirement. In reliance on these promises, which were made by West on behalf of defendant Morgan Stanley, Dodson continued her work with West

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 3

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

under the Joint Production Agreement, foregoing other opportunities in the financial services business.

10. During the course of her employment at Morgan Stanley, Dodson was repeatedly asked by the Branch Manager, Quang Bui, to arrange contacts and relationships between female friends of Dodson and Bui. Dodson declined to make arrangements for such contacts or relationships, and made clear to Bui that she did not wish to provide him with girlfriends or female companionship.

11. In 2003, West considered entering into more lucrative Joint Production Agreements for the handling of his large book of business at Morgan Stanley. Bui encouraged West to enter into the more lucrative Joint Production Agreements with several, more junior male Financial Advisers, including a Financial Adviser named Christopher Lucero. Bui advised West to enter into the more lucrative Agreements with the male Financial Advisers in part due to Dodson's failure to provide him with opportunities to meet and date her female friends.

12. In addition, it was the pattern and practice of defendant Morgan Stanley in November 2003 to deprive female Financial Advisers of opportunities to enter into lucrative Joint Production Agreements with senior Financial Advisers, under which female Financial Advisers would have stood to enjoy substantial increases in income and client base; Bui's advice to West to enter into the more lucrative Agreements with more junior male Financial Advisers, instead of plaintiff Dodson, was consistent with this pattern and practice. The discrimination based on sex encountered by plaintiff Dodson, as well as other female employees, was a result of defendant Morgan Stanley's policy of allowing established financial advisors to subjectively choose partners for lucrative agreements.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

13. On or about November 21, 2003, West entered into a lucrative Joint Production Agreement with Lucero, that involved virtually the entire book of business served by West, which at the time had the approximate value of 180 million dollars. Under the Agreement, Lucero would stand to "inherit," or gain upon West's retirement, the vast portion of that substantial book of business. At the time of this agreement, Lucero had considerably less experience than Dodson, and had not performed at the level that Dodson had during her employment at Morgan Stanley.

14. In addition to being caused by Dodson's failure to provide Branch Manager Bui with opportunities to meet and date her female friends, which in itself constitutes discrimination on the basis of sex, the facilitation by Morgan Stanley of a lucrative Joint Production Agreement between a senior Financial Adviser and a male, less experienced and accomplished Financial Adviser is part of a pattern and practice of sex discrimination at Morgan Stanley, where female Financial Advisers have been deprived of lucrative partnerships and financial opportunities routinely offered to their male counterparts.

15. The Joint Production Agreement between West and Lucero served to deprive Dodson of a vast portion of her income, as well as the opportunity to "inherit" West's book of business upon his retirement. It is a common practice for Financial Advisers to build their client base and book of business through the process of "inheriting" business from other Financial Advisers who retire or leave the firm. Prior to the Joint Production Agreement between West and Lucero, Dodson had been in the position of being the Financial Adviser who would have "inherited" the substantial book of business served by West.

16. Following the Joint Production Agreement between West and Lucero, Dodson's income and opportunities at Morgan Stanley declined dramatically. The business that she had previously

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

serviced under her Joint Production Agreement with West was mostly being serviced under his new, more comprehensive Joint Production Agreement with Lucero. The loss of business and income, along with the loss of the opportunity to "inherit" West's book of business upon his retirement, also caused Dodson significant emotional distress and trauma.

17. After losing income and business opportunities due to the discriminatory conduct of Morgan Stanley, Dodson filed a charge of employment discrimination with the U.S. Equal Employment Opportunity Commission in August 2004. Following an investigation of the charge, the EEOC found reasonable cause to believe that defendant Morgan Stanley's policy of allowing established financial advisors to subjectively choose partners for lucrative agreements resulted in plaintiff Dodson being denied such a partnership in November 2003 because of her sex.

18. In August 2005, after being deprived of a large share of the business and income that she had enjoyed prior to the Joint Production Agreement between West and Lucero, Dodson was laid off by Morgan Stanley for a failure to meet sales and income goals. Dodson would not have been subject to lay off for this reason had her business opportunities with Morgan Stanley not been vastly eliminated by the Agreement between West and Lucero.

19. Upon her departure from Morgan Stanley, Lucero, in the course and scope of his employment with Morgan Stanley, told many of Dodson's clients that she had been overcharging them in her services as a Financial Adviser. These false and defamatory statements by Lucero caused many of Dodson's clients to not follow her in her subsequent work as a financial consultant and broker, resulting in lost income and business opportunity to Dodson, as well as damage to her reputation in the community. These false and defamatory statements by Lucero also caused Dodson to suffer significant emotional distress and trauma.

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

*FIRST CAUSE OF ACTION - VIOLATION OF TITLE VII*

20. Paragraphs 1 through 19 as set out above are incorporated by reference herein.

21. Defendant's actions, in urging and facilitating lucrative partnership agreements to the benefit of male employees and detriment of female employees, and depriving plaintiff of a lucrative partnership interest in favor of a less experienced, less qualified, male employee, constitute disparate treatment discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of Title VII.

22. Defendant's policy of allowing established financial advisors to subjectively choose partners for lucrative agreements constitutes disparate impact discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of Title VII.

24. As a direct and proximate result of the violations of Title VII by defendant Morgan Stanley, plaintiff Dodson has incurred and will to continue to incur damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

*SECOND CAUSE OF ACTION - VIOLATION OF RCW 49.60.180*

25. Paragraphs 1 through 24 as set out above are incorporated by reference herein.

26. Defendant's actions, in urging and facilitating lucrative partnership agreements to the benefit of male employees and detriment of female employees, and depriving plaintiff of a lucrative partnership interest in favor of a less experienced, less qualified, male employee, constitute disparate treatment discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of RCW 49.60.180.

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 7

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

27. Defendant's policy of allowing established financial advisors to subjectively choose partners for lucrative agreements constitutes disparate impact discrimination against plaintiff because of her sex in the terms, conditions and privileges of her employment and a violation of RCW 49.60.180.

28. As a direct and proximate result of the violations of RCW 49.60.180 by defendant Morgan Stanley, plaintiff Dodson has incurred and will to continue to incur damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

*THIRD CAUSE OF ACTION - PROMISSORY ESTOPPEL*

29. Paragraphs 1 through 28 as set out above are incorporated by reference herein.

30. Defendant Morgan Stanley, through its Senior Financial Adviser and agent John West, promised plaintiff Dodson that, if she continued to work with West under her Joint Production Agreement with him, she would "inherit" the substantial part of his book of business upon his retirement. Defendant Morgan Stanley, through West, should have reasonably expected that these promises would cause plaintiff Dodson to continue her work with West for Morgan Stanley. Plaintiff Dodson justifiably relied upon these promises by continuing to work under the Joint Production Agreement with West, foregoing other opportunities in the financial services business.

31. This court should enforce the promises made by defendant Morgan Stanley, through West, as injustice can be avoided only such enforcement. Plaintiff Dodson requests the equitable remedy of appropriate money damages to enforce the promises described above.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

### FOURTH CAUSE OF ACTION - DEFAMATION

32. Paragraphs 1 through 31 as set out above are incorporated by reference herein.

33. Defendant Morgan Stanley is liable under the doctrine of *respondeat superior* for the false and defamatory statements made by its employee, Christopher Lucero, to clients of Dodson that Dodson had been overcharging them in providing services as a Financial Advisor. The statements made by Lucero were knowingly false and unprivileged, and were made within the course and scope of Lucero's employment and designed to further defendant Morgan Stanley's business interests.

34. As a direct and proximate result of the defamatory statements by Christopher Lucero, for which defendant Morgan Stanley is liable, plaintiff Dodson has incurred and will to continue to incur damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION - INTERFERENCE WITH BUSINESS EXPECTANCY

35. Paragraphs 1 through 34 as set out above are incorporated by reference herein.

36. The statements by Christopher Lucero to clients of plaintiff Dodson as referenced above, made within the course and scope of his employment at defendant Morgan Stanley, constituted intentional interference with business expectancy. At the time of his statements to clients of plaintiff Dodson, Lucero had knowledge that those clients were contemplating a continued business relationship with plaintiff Dodson. The statements by Lucero induced or caused a termination of that business expectancy. Lucero interfered with the business expectancy for improper purpose and used improper means in doing so. Plaintiff Dodson was caused substantial harm by Lucero's interference with her business expectancy.

**Terry A. Venneberg**
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax

37. As a direct and proximate result of the intentional interference with business expectancy by Christopher Lucero, for which defendant Morgan Stanley is liable, plaintiff Dodson has incurred and will to continue to incur damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

WHEREFORE plaintiff prays for the following relief to be granted:

1. That this court issue a permanent injunction enjoining defendant Morgan Stanley from continuing or maintaining the policy, practice and custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of sex, which rights are secured by Title VII, and the Washington Law Against Discrimination.

2. That this court enter a declaratory judgment that the acts and practices of defendant Morgan Stanley complained of herein are in violation of the laws of the United States and the State of Washington.

3. That plaintiff be awarded damages for past and future lost income, past and future lost economic opportunity and benefit, loss of earning capacity, emotional distress, pain and suffering, humiliation, inconvenience and loss of enjoyment of life, as well as other special and general harm, in an amount to be proven at trial.

4. That plaintiff be awarded punitive damages in an amount shown to be appropriate at trial.

5. That plaintiff be awarded costs, interest and attorneys fees, as provided by applicable law.

6. That such and other further relief as may be deemed appropriate by this court be granted.

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566

**PURSUANT TO F.R.C.P. 38, PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 16th day of November, 2006.

By: /s/ Terry A. Venneberg
Terry A. Venneberg
WSBA No. 31348
1126 Highland Avenue, Suite 101
Bremerton, Washington 98337
Telephone: (360) 377-3566
Fax: (360) 377-4614
E-mail: tavlaw@qwest.net

COMPLAINT AND DEMAND FOR JURY TRIAL - Page 11

Terry A. Venneberg
Attorney at Law
1126 Highland Avenue
Suite 101
Bremerton WA 98337
(360) 377-3566
(360) 377-4614 fax