SCHWABE, WILLIAMSON & WYATT, P.C.
THOMAS V. DULCICH, WSBA # 13807
STEPHANIE P. BERNTSEN, WSBA # 33072
1420 Fifth Avenue, Suite 3010
Seattle, WA 98101
Phone: 206.622.1711
Fax: 206.292-0460

MORGAN, LEWIS & BOCKIUS LLP
MARK S. DICHTER, *Admitted Pro Hac Vice*
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001

MORGAN LEWIS & BOCKIUS LLP
L. JULIUS M. TURMAN, *Admitted Pro Hac Vice*
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: 415.442.1361
Fax: 415.442.1001

Attorneys for Defendant
MORGAN STANLEY & CO. INCORPORATED

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| DEBORAH J. DODSON,<br><br>  Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY DW, INC.,<br><br>  Defendant. | Case No. 06 CV 05669-RJB<br><br>**DEFENDANT MORGAN STANLEY'S MOTION IN LIMINE NO. 2 TO EXCLUDE THE TESTIMONY AND OPINION OF LOUISE ROTH**<br><br>NOTE ON MOTION CALENDAR:<br>November 30, 2007 |

Pursuant to Rule 702 of the Federal Rules of Evidence, Defendant Morgan Stanley & Co. Incorporated, ("Defendant" or "Morgan Stanley") formerly known as Morgan Stanley DW Inc., hereby moves to strike the expert report and exclude the testimony, evidence and opinion of Plaintiff's expert Louise Roth ("Roth").

**I.   INTRODUCTION**

In this action, Plaintiff alleges that she was discriminated against on the basis of her

1-SF/7627822.2                         1

DEFENDANT'S MOTION IN LIMINE NO. 2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

gender when she was not selected to partner with John West. She further alleged that Morgan Stanley's policy of allowing financial advisors to subjectively choose partners had a disparate impact on her as a woman. With respect to this second claim, Plaintiff has offered the report and testimony of Dr. Louise Roth.

The Roth Report[1] should be stricken and her testimony excluded from consideration at trial because it does not meet the standard of relevance or reliability for admissible expert testimony required under Fed. R. Civ. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and therefore will not assist the trier of fact in understanding or determining any fact in issue under the same standards.

Roth's analysis of gender stereotyping and homophily preferences and how subjective practices and procedures purportedly contribute to gender inequality in careers in finance, should be excluded because it is no longer relevant to any claim in this case. In its Order on Defendant's motion for summary judgment, this Court dismissed the disparate impact claim that Roth's statistical analysis purports to support.

Roth's analysis is also inadmissible because her expert opinion is entirely unreliable. Dr. Roth's cited research, the settings, subjects, and decision-making are so far removed from the facts of this case that her opinions about the effect of subjective policies on partnership decisions at Morgan Stanley's Tacoma, Washington branch office are wholly unreliable. Simply put, Dr. Roth did not review any of the "facts" in this case or other key documentation and, as a result, has not reliably applied her general principles to the circumstances of this case. As a result, Dr. Roth's opinions are nothing more than rank speculation and, for these reasons, Dr. Roth's expert report should be stricken and her testimony excluded from consideration.

## II.   STANDARD FOR ADMISSIBILITY OF EXPERT TESTIMONY

The trial court is required under Fed. R. Evid. 104(a) to answer preliminary questions regarding the admissibility of expert testimony under Fed. R. Evid. 702. *Daubert*, 509 U.S. at 592. The proponent of an expert's testimony bears the burden of establishing its admissibility by a preponderance of proof. *See Hubbard v. Rite Aid Corp.*, 433 F.Supp.2d 1150, 1161 (S.D.Cal.

---

[1] The Report of Dr. Louise Roth is attached as Exhibit H to the Declaration of L. Julius M. Turman

Morgan, Lewis & Bockius LLP
Attorneys At Law
Philadelphia

2006) (citing *Daubert* 509 U.S. at 592); *see also* Fed. R. Evid. 702, Advisory Committee Notes, 2000 Amendments. Specifically, the proponent of the expert must show that any opinion is based on sound principles and methodology, that any testimony will be helpful to the trier of fact, and that the witness is qualified to testify. *See, e.g., Elsayed Mukhtar v. Cal. State University Hayward,* 299 F.3d 1053, 1063 (9th Cir. 2002) (defining Federal Rule of Evidence 702).

Under the Federal Rules of Evidence, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, *if* [:] (1) the testimony is based upon <u>sufficient facts or data</u>, (2) the testimony is the product of <u>reliable principles and methods</u>, and (3) the witness has <u>applied</u> the principles and methods reliably to the facts of the case." Fed. R. Evid. 702 (emphasis added).

The Supreme Court's decision in *Daubert* strengthened the trial judge's role in determining the admissibility of expert testimony under Fed. R. Evid. 702 by *requiring* that the trial judge act as a "gatekeeper" and exclude evidence that does not meet Rule 702's standards for scientific validity. *Daubert*, 509 U.S. at 589-90 & n.8 ("In cases involving scientific evidence, evidentiary reliability will be based on scientific validity"). The Supreme Court in *Daubert* clarified that a trial court, when performing this gatekeeping function, must use a two-step inquiry which examines the expert's opinion testimony for relevance and reliability. *See Daubert*, 509 US at 597. In determining relevance, the court must determine whether expert testimony proffered in the case is sufficiently tied to the facts of the case [so] that it will aid the jury in resolving a factual dispute. *Daubert*, 509 U.S. at 591. In determining reliability, the court must determine whether the testimony and opinion is "derived by the scientific method," and whether their work product amounts to "good science." *Daubert*, 509 U.S. at 590, 593.

### III. <u>ARGUMENT</u>

#### A. <u>Dr. Roth's Expert Opinion is Irrelevant</u>

As stated above, when determining relevance, the district court must "determine whether the evidence or testimony assists the trier of fact in understanding the evidence or in determining a fact in issue." *Elsayed Mukhtar v. Cal. State Univ. at Hayward,* 299 F.3d 1053, 1063 (9th Cir. 2002). Thus, the Federal Rules of Evidence require a judge to undertake a preliminary assessment of

whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology is applicable to the facts in issue." *Id.*

Dr. Roth's analysis of stereotypes and homophily preferences purports only to explain how Morgan Stanley's alleged use of subjective and unstructured practices and procedures could lead to gender inequality in careers in finance. Roth Report at 1. In other words, Dr. Roth's report purports only to explain Plaintiff's theory of disparate impact. Indeed, Dr. Roth notes in her report that most inequality occurs "without a *conscious* intention to discriminate and stems from cognitive processes that operate regardless of individual's motives." Roth Report at 1 (emphasis added). This analysis is no longer relevant, as there is no longer a disparate impact claim. *Order on Defendant's Motion for Summary Judgment* at 12, Docket No. 64. Accordingly, Dr. Roth's testimony detailing "statistical analysis of workplace discrimination" should be excluded.

### B. Dr. Roth's Opinions Are Not Scientifically Reliable Because They Are Not Based on Sufficient Facts or Data

The expert's reasoning must be scrutinized carefully. *See* Fed. R Evid. 702(3). Even if the field in general qualifies for expert testimony, the proffered opinion still must be informed by the witness's expertise rather than simply an opinion broached by a purported expert. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (holding that a Court must evaluate an expert witness's methodology and conclusions.) An opinion is not informed by the purported expertise, for example, when there is "simply too great an analytical gap between the data and the opinion offered." *Id.; see also Masayesva v. Hale, et al.*, 118 F.3d 1371, 1379 (9th Cir. 1997) (Rejecting abuse of discretion argument when the District Court "thoughtfully examined the *methodology and opinion* of each expert…").

To be admissible under Rule 702, expert testimony must be "based upon sufficient facts or data." Fed. R. Evid. 702(1). Testimony lacking in factual foundation or analysis is inadmissible and should be excluded. Such opinions, based on an expert's selective reliance of certain facts and data, and neglect of other crucial facts and data, fail to satisfy the scientific method and *Daubert*, and they fail to 'assist the trier of fact.' *See Barber v. United Airlines*, No. 00-3546, 2001 WL 950885 at **2 (7th Cir. Aug. 16, 2001) (citing Fed. R. Evid. 702) (opinion inadmissible

where expert "cherry-picked the facts he considered to render an expert opinion").

Here, Dr. Roth's report fails to factor in any specific facts or circumstances of this case. Indeed, Dr. Roth's report reflects that she did not review a single document specific or applicable to the circumstances of this case. A constant theme throughout Dr. Roth's report is that due to substantial subjectivity and discretion, women in financial services organizations are inherently disadvantaged. Roth Report at pgs 5-7. Roth's report, however, fails to account for the number of objective evaluative measures used by Morgan Stanley which would reduce, if not eliminate, any such disadvantage. *See* Rebuttal Report of Dr. Philip E. Tetlock at 14[2]. For example, FA's at Morgan Stanley receive compensation, including bonuses, based on specific numeric formulas which reflect their production or sales. As a result, managerial discretion and subjectivity at Morgan Stanley likely does not play as significant a role as Dr. Roth suggests in the distribution of various rewards and benefits. Tetlock Report at 15.

Account allocations also involve objective criteria. Had West, for example, retired without entering into a JPA with Lucero, strict Morgan Stanley guidelines and policies would have required the distribution of West's accounts to eligible FAs based upon a strict "power ranking" systems, giving weight to certain objective factors. Any departure from this system and allocation would have required the branch manager to account for such departure. Tetlock Report at 15. Thus, as Dr. Tetlock concludes, "although Morgan Stanley managers retain some level of subjectivity and discretion in making personnel decisions, objective standards appear to play a much more significant role in determining employment outcomes than Dr. Roth suggests in her Report." Tetlock Report at 16.

Dr. Roth's report also does not account for various "real world" factors which provide far more stricter forms of accountability as observed in laboratory studies. For example, managers are not anonymous decision makers. Such was the case here as Dodson's branch manager, Bui, had to speak face-to-face with her about her performance and about the West-Lucero JPA which is at issue. Tetlock Report at 18. As Dr. Tetlock notes, this accountability "sharply distinguishes Morgan Stanley from laboratory studies in which subjects rarely know, much less expect, future

---

[2] [2] The Report of Dr. Philip E. Tetlock is attached as Exhibit L to the Declaration of L. Julius M. Turman

dealings with, the 'workers' whom they are rating." Tetlock Report at 18. As Dr. Tetlock further notes, branch managers at Morgan Stanley know that employees who believe they are victims of discrimination can avail themselves of internal and third-party complaint processes. Thus, personnel decision makers may be called to account for their actions. Tetlock Report at 18-19.

Where, as here, critical facts and data undermining the expert's conclusions went unreviewed, an expert fails to satisfy Rule 702's requirement that expert opinions be based on sufficient facts and data. *See Brooke Group Ltd. V. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("[W]hen undisputable record facts contradict or otherwise render an expert opinion unreasonable," opinion is inadmissible); *Claar v. Burlington N.R.R.,* 29 F.3d 499, 502 (9th Cir. 1994) (excluding expert testimony where the purported experts failed to rule out any other possible causes of the Plaintiff's injuries); *McGlinchy v. Shell Chem. Co,* 845 F.2d 802, 807-808 (9th Cir. 1988) (expert damages testimony "hopelessly flawed" due to unsupported assumptions). Silberberg's opinions are not based on sufficient facts or data and fail to satisfy the scientific method. Silberberg's factually unsupported opinions are thus inadmissible and should be excluded.

### C. Dr. Roth's Opinions Are Based On Erroneous Assumptions and Are Nothing More Than Speculation.

An expert's testimony which expresses an opinion must be based sufficient facts already in evidence or disclosed by the expert as a result of his investigation to take the testimony out of the realm of guesswork and speculation. *Hubbard v. Rite Aid Corp.,* 433 F.Supp.2d 1150, 1161 (S.D. Cal. 2006) ("A trial judge must find that expert testimony is properly grounded, well reasoned and not speculative before it can be admitted."); *Trevino v. Gates,* 99 F.3d 911, 922-923 (9th Cir. 1996) (excluding expert economist's testimony regarding plaintiff's damages that is predicated on the assumption and "vague assurances" of future income); *Claar,* 29 F.3d at 502 (excluding expert testimony that is based only on "subjective belief and unsupported speculation."). Dr. Roth's testimony involves far too much speculation and guesswork about Dodson, her experience at Morgan Stanley, and the financial services sector in general. Dr. Roth assumes that laboratory and other field study results are generalizable to the environment at the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7627822.2                                 6                              Case No. 06 CV 05669-RJB
DEFENDANT'S MOTION IN LIMINE NO. 2

Morgan Stanley Tacoma branch office in which Dodson was employed. This and other broad assumptions render Roth's opinion unreliable. Indeed, the thrust of Daubert and its progeny is that experts should not be allowed to speculate in this way. *Elsayed Mukhtar* at 1063-64 (finding that a trial judge's gatekeeping is crucial given the "aura of authority experts often exude, which can lead juries to give more weight to their testimony"). Such speculation is not helpful to the trier of fact and must be stricken.

## IV.   CONCLUSION

For the foregoing reasons, the testimony and opinions of Dr. Roth should be excluded. Simply put, Dr. Roth's opinion and testimony is entirely irrelevant; the Court has granted summary judgment to Defendant on Plaintiff's claim for disparate impact discrimination – the very claim in support of which Plaintiff offers the opinion of Dr. Roth. Second, even if Dr. Roth's opinion is deemed relevant to an issue before the jury, her opinion is so unreliable that it should be excluded pursuant to Federal Rule of Evidence 702. Dr. Roth did not review a single relevant document. As such, her analysis fails to take into account several key differences at Morgan Stanley which indicate that stereotypes and homophily preferences do not determine the allocation of various rewards and benefits, including Joint Partnership Agreements. At best, Dr. Roth's opinion is mere speculation and guesswork. Accordingly, it should be excluded.

Dated: November 19, 2007

SCHWABE, WILLIAMSON & WYATT, P.C.

By   /s/ Stephanie P. Berntsen
Stephanie P. Berntsen, WSBA # 33072
1420 Fifth Avenue, Suite 3010
Seattle, WA  98101
Phone: 206.622.1711
Fax: 206.292.1711

*Attorneys for Defendant*
*Morgan Stanley & Co. Incorporated.*

| | |
|---|---|
| Dated: November _____, 2007 | By: _____<br>L. Julius M. Turman<br>E-Mail:  jturman@morganlewis.com<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1361<br>Fax:  415.442.1001<br><br>*Attorneys for Defendant*<br>*Morgan Stanley & Co. Incorporated.* |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7627426.1                                1

DEFENDANT'S MOTION IN LIMINE NO. __

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Philadelphia

1-SF/7627426.1                      1                      Case No. 06 CV 05669-RJB

DEFENDANT'S INITIAL EXPERT WITNESS DISCLOSURES