UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH J. DODSON,

          Plaintiff,

   v.

MORGAN STANLEY DW INC.,

          Defendant.

Case No. C06-5669RJB

ORDER ON MOTION FOR RECONSIDERATION

      This matter comes before the court on plaintiff's Motion for Reconsideration of Dismissal of Disparate Impact Discrimination Claim (Dkt. 65), and pursuant to the court's request for response to the motion. The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion for reconsideration.

      Plaintiff asks that the court's Order on Defendant's Motion for Summary Judgment (Dkt. 64) be reconsidered insofar as it dismissed plaintiff's claim for disparate impact discrimination. Western District of Washington Local Civil Rule 7(h)(1) provides, "Motions for Reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." In this case, the court did commit a manifest error in dismissing the disparate impact claim, and the plaintiff has brought new legal authority to the court which could not have been brought to its attention earlier with reasonable diligence.

ORDER
Page - 1

## DISCUSSION

This court should have been, but was not, aware of the law in *Celotex Corp v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548. (1986), which imposed a burden on a party moving for summary judgment beyond simply making the motion. The *Celotex Corp.* case contains the following language:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any" which it believes demonstrate the absence of a general issue of material fact.

Furthermore, the court was not aware, but should have been aware, of the rule of *Nissan Fire and Marine Insurance Company, Ltd. v. Fritz Companies, Inc.,* 210 F.3d 1099, 1105 (9th Cir. 2000): "A moving party may not require the non-moving party to produce evidence supporting its claim or defense simply by saying that the non-moving party has no such evidence." The court was under the impression that the law was that a moving party could require the non-moving party to produce evidence supporting its claim simply by moving for dismissal of all claims. The court was mistaken and that is not the law.

There was no reason for plaintiff to bring the aforementioned legal authority to the court's attention earlier because the plaintiff properly assumed that the issue of the sufficiency of plaintiff's disparate claim was not brought before the court by the defendant's motion. Plaintiff brings the law to the court properly in this motion for reconsideration.

The court should not have addressed the disparate impact claim in its Order on Defendant's Motion for Summary Judgment. It was not properly before the court. Accordingly, the Motion for Reconsideration should be granted, and that portion of the court's Order on Defendant's Motion for Summary Judgment (Dkt. 64) which dismissed plaintiff's disparate impact claim should be declared void, and plaintiff's disparate impact claim should proceed.

It is not appropriate for the court to examine into the sufficiency of plaintiff's disparate impact claim on this motion for reconsideration because it is simply not appropriately before the court at this time.

Therefore, it is now

ORDERED that Plaintiff's Motion for Reconsideration is GRANTED and that portion of the Order on Defendant's Motion for Summary Judgment (Dkt. 64) that dismissed plaintiff's disparate impact claim is declared void, and plaintiff's disparate impact claim may proceed.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 20th day of November, 2007.

/s/ Robert J. Bryan
ROBERT J. BRYAN
United States District Judge