UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBORAH J. DODSON,

    Plaintiff,

v.

MORGAN STANLEY DW INC.,

    Defendant.

Case No.  C06-5669RJB

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT

    This matter comes before the court on the above-referenced motion (Dkt. 155). The court is familiar with the records and files herein and documents filed in support of and in opposition to this motion.

## FACTS

    On December 7, 2007, the court held a Pretrial Conference. Near the conclusion of that case, settlement was discussed and the parties requested a reference to a magistrate judge for a settlement conference (*See* Dkt. 149). The court inquired of Chief Magistrate Judge J. Kelley Arnold about the possibility of a judicial settlement conference, and Judge Arnold was available and issued a scheduling order for a settlement conference (*See* Dkt. 140). Judge Arnold set the settlement conference for December 11, 2007 at 9:30 a.m.

    The record indicates that at that time, counsel, the plaintiff, and a representative of the defendant met with Judge Arnold and discussed and negotiated a settlement. Agreement was reached by 3:40 p.m on December 11, 2007, and Judge Arnold, with the attendees, made a record of the proceedings and the agreed settlement. Those proceedings were recorded by a court reporter and have been transcribed. A

1  transcript of those proceeds is attached hereto as Exhibit A, and is, by this reference, made a part of this
2  order.

3  After the events of the settlement conference, the undersigned was advised that the case had settled
4  and therefore struck the December 17, 2007 trial date.

5  Following the announced settlement, the parties exchanged numerous documents and
6  correspondence, and the pleadings in support of and in opposition to the pending motion.  Those records
7  reflect an attempt to modify and alter the terms of the announced settlement agreement.  While counsel for
8  the plaintiff participated in those post-settlement discussions and correspondence, no additional terms were
9  agreed to by the parties, and the plaintiff now comes before the court asking the court to enforce the
10 settlement agreement reached and placed on the record before Judge Arnold on December 11, 2007.

11 The exchange between Judge Arnold and counsel is clear from the transcript of those proceedings.
12 A full, final, and all-inclusive settlement was reached and counsel for plaintiff, the plaintiff, and counsel for
13 the defendant agreed to the full, final and all-inclusive settlement as stated on the record by Judge Arnold.
14 This was done in the presence of a representative of the defendant.

15 Defense counsel argues that, after acceptance of the agreement, the following statement made by
16 Mr. Turman is some indication that the settlement was not "full, final and all-inclusive":  "The parties will,
17 following today's, um, written record we will be reducing the actual agreement to a written instrument."
18 There was no reference to any proposed additions to the agreement made on the record; Mr. Turman's
19 statement referenced "the actual agreement," which apparently was the agreement that counsel had just
20 agreed upon.

21 **LAW**

22 If the agreement, as stated by Judge Arnold was not "full, final and all-inclusive, counsel should have
23 so indicated at the brief hearing before Judge Arnold.  No one indicated in any way that the settlement was
24 not "full, final and all-inclusive."  In fact, Mr. Turman stated that Judge Arnold's statement "is an accurate
25 representation of the agreement, it's accepted."  His reference to "the actual agreement" and to "a written
26 instrument" in no way modified, or placed conditions on, his acceptance of the settlement.

27 This matter is about as close to "on all fours" with *Doi v. Halekulani Corporation*, 276 F.2d 1131
28 (9th Cir. 2002), as courts ever see.  In accord with *Doi*, the oral agreement made in open court on the record

ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT
Page - 2

containing all the material terms of the settlement agreement should be enforced by the court.

Plaintiff's motion should be granted, and also consistent with *Doi*, judgment should be entered in favor of the plaintiff and against the defendant in the sum of $750,000.00. In exchange for said sum, the plaintiff should issue a release of all claims[1] to defendants as she agreed, and should also issue a satisfaction of judgment to defendants in exchange for receipt of said funds.

Therefore, it is now ORDERED that

(1) Plaintiff's Motion to Enforce Settlement Agreement (Dkt. 155) is GRANTED;

(2) The clerk is directed to enter judgment for plaintiff and against defendant in the sum of $750,000.00;

(3) Upon receipt of said funds, plaintiff should deliver to defendants a Release of All Claims as well as a Satisfaction of said Judgment.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address

DATED this 1st day of February, 2008.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

---

[1] The release filed as Exhibit B (Dkt. 156-3) appears to be an appropriate release of all claims consistent with the settlement agreement, except that the fourth paragraph, which references a 21-day period, should be stricken from the release form.